UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


PEDRO BUENROSTRO, JR.,
a/k/a GONZALES-FABIAN: ACOSTA,

        Petitioner,

        CASE NO. 07-14111

v.

        PAUL D. BORMAN
HUGH WOLFENBARGER,        UNITED STATES DISTRICT JUDGE

        Respondent.
_____/

## ORDER GRANTING RESPONDENT'S MOTION TO DISMISS
## AND DISMISSING CASE WITHOUT PREJUDICE

Petitioner Pedro Buenrostro, Jr., also known as Gonzalez-Fabian: Acosta, has filed a *pro se* habeas corpus petition under 28 U.S.C. § 2254. Also pending before the Court is respondent Hugh Wolfenbarger's motion to dismiss the habeas petition for failure to exhaust state remedies. For reasons given below, Respondent's motion will be granted and the habeas petition will be dismissed without prejudice.

### I. Background

The parties allege that Petitioner pleaded guilty in Monroe County, Michigan to delivery of 225 to 649 grams of cocaine and possession of a firearm during the commission of a felony. On July 14, 2005, Petitioner was sentenced to two years in prison for the felony firearm conviction and to a consecutive term of fifteen to thirty years for the cocaine conviction. Petitioner challenged his sentence in an application for leave to appeal in the Michigan Court of Appeals. He alleged that his sentence was based on inaccurate information and that the state sentencing guidelines were increased on the basis of facts, which he did not admit and which

were not proved to a jury beyond a reasonable doubt. The Michigan Court of Appeals denied Petitioner's application "for lack of merit in the grounds presented." *People v. Buenrostro*, No. 270219 (Mich. Ct. App. Aug. 23, 2006). Petitioner raised the same claims and one additional claim in the Michigan Supreme Court. The new claim alleged that the case should be remanded to the court of appeals for a ruling on Petitioner's motion to suppress evidence. On December 29, 2006, the Michigan Supreme Court denied leave to appeal because it was not persuaded that the questions presented should be reviewed. *See People v. Buenrostro*, 477 Mich. 970; 725 N.W.2d 331 (2006) (table).

Petitioner filed his habeas corpus petition on September 28, 2007. His claims are: (1) he was deprived of effective assistance of trial counsel; (2) his guilty plea was not knowingly and voluntarily made; (3) his conviction and sentence violate the Constitution and international law; (4) the state court lacked subject matter jurisdiction; (5) he is entitled to executive clemency through reprieve, commutation, and/or pardon; (6) he was denied the right to counsel in the Michigan Court of Appeals; and (7) state and county officials have an affirmative duty to provide foreign nationals with a consular or effective representative when they are arrested or detained by law enforcement officers. Respondent argues in his motion to dismiss that Petitioner failed to properly present these claims to the State's appellate courts and that Petitioner has an available remedy to exhaust.

## II. Discussion

State prisoners are required to exhaust available remedies in state court before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). The exhaustion doctrine requires prisoners to "give the state courts one full opportunity to

2

resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Federal courts ordinarily are required to dismiss a habeas petition containing any unexhausted claims. *Rose v. Lundy*, 455 U.S. 509, 510, 522 (1982).

Petitioner concedes that he has not raised any of his habeas claims in state court, and he has not requested a stay. He alleges that he is in the process of presenting his claims to the state court in a post-conviction motion for relief from judgment. He seeks habeas relief or a dismissal without prejudice.

It is undisputed that Petitioner has failed to comply with the exhaustion requirement. Accordingly, Respondent's motion to dismiss [Doc. 5, Apr. 9, 2008] is **GRANTED.** However, because a dismissal of this action could result in a subsequent habeas petition being barred by the one-year statute of limitations, *see* 28 U.S.C. § 2244(d), this case is **DISMISSED** without prejudice. Petitioner shall file a motion for relief from judgment in the trial court within **ninety (90) days** of the date of this order if he has not already done so. If he is unsuccessful in state court, he may move to re-open this case, but he shall do so within **ninety (90) days** of exhausting state remedies for his claims.

**SO ORDERED**.

          s/Paul D. Borman
          PAUL D. BORMAN
          UNITED STATES DISTRICT JUDGE

Dated: June 4, 2008

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on June 4, 2008.

                                            s/Denise Goodine
                                            Case Manager